IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22CR129 |
| v. | |
| HASSAN MOHAMED, | MEMORANDUM AND ORDER |
| Defendant. | |

On March 21, 2023, a grand jury indicted (Filing No. 57) defendant Hassan Mohamed ("Mohamed") on one count of wire fraud conspiracy, in violation of 18 U.S.C. §§ 1343 and 1349, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and (2). Mohamed was indicted with his alleged co-conspirators Hazem Sarmin ("Sarmin"), Abas Yassin Ali, Bead Chan, and Ian Betkie (collectively, the "defendants"). The Second Superseding Indictment charges that the defendants stole personal items from vehicles in the Omaha, Nebraska, area and then used stolen credit cards, bank cards, wallets, and identification cards to make purchases and conduct other fraudulent transactions.

Mohamed was the first of the defendants to plead guilty. On January 11, 2024, Mohamed pleaded guilty to both counts pursuant to a written plea agreement (Filing No. 198) in exchange for immunity from prosecution for certain offenses. The parties also outlined their agreement on a number of sentencing issues, including that the conspiracy resulted in more than $95,000 in losses. Mohamed also agreed to waive the right to withdraw his guilty plea. *See* Fed. R. Crim. P. 11(d).

The Court closely reviewed that plea agreement along with Mohamed's Petition to Enter a Plea of Guilty (Filing No. 197) before the change-of-plea hearing. Mohamed testified he fully reviewed that petition and considered the consequences of his plea. At

the hearing, the Court engaged in an extensive colloquy with Mohamed, confirming he understood the proceedings, the allegations against him, the potential consequences of those charges, and the rights he was waiving by pleading guilty. The Court accepted his plea, finding it was knowing and voluntary, and deferred acceptance of the plea agreement pending review of Mohamed's presentence investigation report ("PSR").

On February 2, 2024, Sarmin pleaded guilty to the same two counts without the benefit of a plea agreement (Filing No. 206). Neither Sarmin nor Mohamed have been sentenced. No other defendant has pleaded guilty.

Now before the Court is Mohamed's Motion to Reject Plea Agreement (Filing No. 231). Mohamed urges the Court to reject his plea agreement[1] for two reasons: (1) "[t]he PSR of a co-defendant uses a lower dollar amount for the conspiracy than is used in Hassan's PSR" and (2) "Hassan's plea agreement inaccurately factually recites that 'The parties agree that the total loss for the conspiracy and relevant conduct exceeds $95,000.'" He contends that letting his plea agreement stand may result in "unwarranted sentence disparities among defendants . . . who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government opposes (Filing No. 234) Mohamed's motion, asserting he "freely, voluntarily and knowingly g[a]ve up his rights and plead[ed] guilty to Counts I and II." The government also points out that, while Mohamed's agreed-upon conspiracy amount of $95,000 equates to an 8-level increase pursuant to § 2B1.1(b)(1) of the United States Sentencing Guidelines, his codefendant would still be subject to a 6-level increase under that provision based on his PSR's calculation of $75,530.89 in losses. Anyway, the

---

[1]Mohamed's motion confusingly asks the Court to "reject his proposed guilty plea" pursuant to Rule 11(c)(5) but otherwise acknowledges he has waived "the right to withdraw" his plea and therefore "requests that the Court reject the plea agreement." Despite this somewhat contradictory language, the Court construes his motion as one "for an order rejecting his plea agreement," not to withdraw his plea of guilty, based on the totality of his request.

government states "[t]hese matters should be addressed by defendant in a sentencing memorandum or objection to the presentence report," not by rejecting the plea agreement.

"Courts are not obligated to accept plea agreements and have discretion to reject those which are deemed involuntary or unfair." *United States v. Kling*, 516 F.3d 702, 704 (8th Cir. 2008); *see also United States v. Preciado*, 336 F.3d 739, 743 (8th Cir. 2003) ("There is . . . no absolute right to have a guilty plea accepted. A court may reject a plea in exercise of sound judicial discretion." (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971))). The Court sees no reason to reject Mohamed's plea agreement here.

Based on the record and Mohamed's representations at the hearing, the Court remains confident he voluntarily and knowingly agreed to the terms of his plea agreement following informed discussions with his counsel. Among those terms are the $95,000 in losses attributed to the conspiracy, which the Court presumes Mohamed agreed to based on his firsthand knowledge of the underlying conspiracy and his negotiations with the government. Under all of the circumstances, there is simply nothing to support a finding that agreement was involuntary, unfair, or unjust, or otherwise warrants rejection.

Overall, the Court agrees with the government that any of Mohamed's concerns about the accuracy or fairness of any enhancement can be addressed at sentencing. *See* Fed. R. Crim. P. 11(c)(1)(B) (providing that the parties may agree to sentencing recommendations that are non-binding on the court); *United States v. Lovelace*, 565 F.3d 1080, 1087 (8th Cir. 2009) (stating the district court was not bound by the parties bargained-for agreement on a particular base offense level); *United States v. Davenport*, 910 F.3d 1076, 1081 (8th Cir. 2018) (noting the government generally has the burden to show by a preponderance of the evidence that a sentencing enhancement applies). Mohamed's motion is therefore denied.

Dated this 20th day of May 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge